IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-90-BO-KS

| | |
|---|---|
| EDDIE HARRIS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
|     Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing on the motions was held before the undersigned on May 17, 2023, at Raleigh, North Carolina and they are ripe for ruling. For the reasons that follow, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for supplemental security income under Title XVI of the Social Security Act. Plaintiff filed his application on September 25, 2018, alleging an onset date of March 25, 2018, which was later amended to September 25, 2018. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ). On December 9, 2021, the ALJ rendered an opinion that plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported

by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment or combination of impairments meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the

claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his or her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he or she is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date of September 25, 2018. At step two, the ALJ found that plaintiff had the following severe impairments: multiple sclerosis (MS), mild dysarthria, degenerative disc disease of the lumbar and cervical spine, depression, anxiety, and an adjustment disorder. After finding that plaintiff did not have an impairment or combination of impairments that met or equaled a Listing at step three, the ALJ determined that plaintiff had the RFC to perform less than the full range of sedentary work. The limitations on plaintiff's work ability included: he can stand and/or walk two hours in an eight-hour workday; he can lift and carry ten pounds occasionally and less than ten pounds frequently; he can never climb ladders, scaffolds, or ropes; he can occasionally climb stairs and ramps; he may never balance; he can occasionally stoop, kneel, crouch, and crawl; he must avoid all exposure to hazards such as unprotected heights and dangerous machinery; he must have the flexibility to use a cane while walking; he can work in occupations that require only occasional contact with coworkers, supervisors, and the public; and he can only work in low stress settings. At step four, the ALJ determined that plaintiff could not perform his past relevant work as a commercial cleaner. At step five, the ALJ found that jobs exist in the national economy in significant numbers that plaintiff could perform after considering plaintiff's age, education, work experience, and RFC, such as stuffer, clearance cutter, and ampoule sealer. Therefore, the ALJ concluded that plaintiff was not disabled as of the date of his decision.

Plaintiff raises two assignments of error. First, plaintiff contends that the ALJ failed to account for plaintiff's frequent falls due to MS when assessing his RFC. Second, plaintiff contends that the ALJ erred by failing to account for plaintiff's need to take breaks due to his MS-related fatigue.

Defendant correctly argues that "in reviewing for substantial evidence, the court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgement for that of the Commissioner." [DE 19 at 3]. But the Court must nonetheless assure that there is a "logical bridge" between the record evidence and the plaintiff's RFC. *See Dowling v. Comm'r of Soc. Sec.*, 986 F.3d 377, 388 (4th Cir. 2021); *see also Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019).

Plaintiff has been diagnosed as having "secondary progressive stage multiple sclerosis with permanent impairments in balance and coordination on the right side." Tr. 428. The record also reflects numerous issues in plaintiff's gait, balance, and ambulation, to include frequent falls, stumbling, wobbling, and difficulty balancing. *See* Tr. 25-36. Indeed, the ALJ concluded that plaintiff's multiple sclerosis "significantly impairs his ability to walk and balance." Tr. 36.

However, the ALJ found that plaintiff could walk and stand two hours per day at work. In doing so, the ALJ failed to create a logical bridge between the evidence and the RFC, despite his detailed review of the medical evidence in the case. Even with the requirement that plaintiff be permitted to use a cane, the record does not support a conclusion that plaintiff could stand and walk for two hours a day, five days per week. For example, in May 2021, plaintiff's neurologist noted that plaintiff's gait had worsened, that his gait was notably ataxic, and that plaintiff continued to have falls. Tr. 646-47. During the relevant time period, plaintiff's MS had progressed from relapsing remitting to secondary progressive and plaintiff's MRIs continued to show lesion

4

progression. His doctors routinely noted his difficulty walking, including "permanent impairments in balance and coordination". Tr. 561.

In addition, the ALJ failed to account for plaintiff's MS-related fatigue. Despite listing the record evidence demonstrating plaintiff's ongoing and ultimately worsening reports of fatigue, the ALJ did not address the issue in the RFC or provide for any time during which plaintiff might be off task during the workday. Plaintiff also testified at the hearing that he needed to rest everyday due to fatigue. Fatigue is a common symptom of MS, *see, e.g., James B. C. v. Comm'r of Soc. Sec.*, No. 18-CV-1143-CJP, 2019 WL 1199834, at *5 n.4 (S.D. Ill. Mar. 14, 2019), and plaintiff was thus entitled to rely on his subjective complaints to establish the limiting effects of his fatigue. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 96 (4th Cir. 2020). Even construing the record to not support plaintiff's statements that he needs to rest *frequently* throughout the day due to fatigue, his reports of fatigue and testimony support some limitation from ongoing fatigue.

In sum, the ALJ decision is not supported by substantial evidence because the RFC does not address plaintiff's falls and fatigue. Whether to remand for a new decision or reverse for an award of benefits is within this Court's discretion. *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). Courts in the Fourth Circuit "have awarded disability benefits without remand where the record clearly establishes the claimant's entitlement to benefits and another ALJ hearing on remand would serve no useful purpose." *Arakas*, 983 F.3d at 111.

The vocational expert (VE) testified that if plaintiff were to be off task more than ten percent of the workday, he would be unemployable. The record plainly establishes that plaintiff falls frequently and that he has fatigue related to his MS which causes him to need to rest throughout the day, the combination of which would result in his being off task more than ten

5

Case 4:22-cv-00090-BO-KS   Document 23   Filed 07/07/23   Page 5 of 6

percent of the day. Alternatively, plaintiff's falls alone would significantly impact his ability to engage in work eight hours per day, five days per week. Thus, remand would serve no purpose because the record establishes that plaintiff is entitled to benefits.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the ALJ's decision is not supported by substantial evidence. The decision of the Commissioner is therefore REVERSED. Plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion for judgment on the pleadings [DE 18] is DENIED. The clerk is DIRECTED to enter judgment accordingly and close the case.

SO ORDERED, this __7__ day of July 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 4:22-cv-00090-BO-KS   Document 23   Filed 07/07/23   Page 6 of 6